NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Petitioner*

**v.**

**CSAA INSURANCE GROUP,**

*Defendant-Respondent*

---

2021-109

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the District of Nevada in No. 2:20-cv-01558-RFB-VCF, Judge Richard F. Boulware, II.

--------------------------------------------------------------------------------

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Appellant*

**v.**

**CSAA INSURANCE GROUP,**

*Defendant-Appellee*

---

2021-1610

---

Appeal from the United States District Court for the District of Nevada in No. 2:20-cv-01558-RFB-VCF, Judge Richard F. Boulware, II.

_____

## ON PETITION AND MOTION

_____

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

The magistrate judge assigned to Lakshmi Arunachalam's case in the United States District Court for the District of Nevada denied her motion for leave to proceed *in forma pauperis* (IFP). Dr. Arunachalam asked the magistrate judge to reconsider that ruling (which was later denied), but she never filed an objection with the district court. Instead, Dr. Arunachalam filed a petition pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal and separately filed a notice of appeal. She also moves for IFP.

We dismiss both the petition and the appeal. To begin, no appeal can be brought under section 1292(b). That section authorizes a court of appeals to permit an appeal of an interlocutory order only after the district court has certified that the appeal presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. And here, no certification was issued by the district court that could give rise to such an interlocutory appeal.

Moreover, while the denial of an IFP motion is ordinarily an immediately appealable ruling, *Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950), our jurisdiction is limited to the "final decision of a district court," 28 U.S.C. § 1295(a)(1). Here, the IFP orders Dr.

Arunachalam purports to appeal from are not appealable orders because they were issued by a magistrate. "The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). That is true even when the orders being appealed from are ones denying IFP. *See Bryant v. Dekalb Cnty.*, No. 20-13227-F, 2020 WL 7023353, at *1 (11th Cir. Oct. 13, 2020) (dismissing appeal from magistrate's denial of IFP as non-final).*

Accordingly,

IT IS ORDERED THAT:

(1)  These matters are dismissed.

(2)  All pending motions are denied as moot.

FOR THE COURT

March 29, 2021          /s/ Peter R. Marksteiner
      Date              Peter R. Marksteiner
                        Clerk of Court

---

*    Section 636(c) of title 28 of the U.S. Code provides a limited exception to the general rule of no direct appealability, stating, in relevant part, that "[u]pon the consent of the parties," the magistrate judge may "order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." § 636(c)(1). That exception, however, is not applicable to this matter.